UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

Case No. 1:03-CR-274

v.

Hon. Richard Alan Enslen

BARTLETT MARSHALL,

**OPINION**

      Defendant.

_____/

      This matter is before the Court to resolve Plaintiff United States of America's Motion to Reduce Sentence pursuant to Federal Rule of Criminal Procedure 35(b). Defendant was sentenced on March 9, 2004 and the Judgment of Sentence entered the following day. Oral argument or other formal hearing is not being conducted on the Motion given the Court's discretion and the terms of Federal Rule of Criminal Procedure 43(b)(4).

      On May 26, 2005, Plaintiff filed its Motion. According to its Motion, Defendant Bartlett Marshall began to cooperate in May of 2004, and assisted the Government in the later trials and sentencing hearings of Anthony Fitzgerald Scott and John Bradley, Jr. While the trials and sentencing hearings of Scott and Bradley were completed in late 2004, Defendant continued to cooperate against Scott and Bradley (and possibly others) until the time of the filing of the Motion. Thus, as articulated in Plaintiff's Motion, the Motion is timely even though filed more than one year from the sentencing hearing because it qualifies under one or more of the Rule 35(b)(2) exceptions for late motions.

Defendant was originally sentenced to the minimum guideline sentence of 140 months based on a total offense level of 29 and a criminal history category of V.[1] The Government's Motion asks for a two-level reduction–meaning a resulting sentence between 120 and 140 months.[2] Plaintiff's Motion recognizes, however, that both the granting of the Motion, the determination of the total offense level, and the sentence imposed are matters within the sole discretion of the Court. (*See* Mot. at 3.) Indeed, Rule 35(b)(3) expressly gives authority to the district courts to impose a sentence beneath a statutory mandatory minimum upon the filing of a substantial assistance motion. *See also United States v. Medjuck*, 222 F.R.D. 399, 401-03 (N.D. Cal. 2004) (holding that a Rule 35(b) motion is not subject to the rule in *Melendez v. United States*, 518 U.S. 120, 125-26 (1996) requiring a specific release of the mandatory minimum because of the language of Rule 35(b)(3).)

Rule 35 motions are governed by the same substantial assistance factors pertinent under United States Sentencing Commission Guideline Manual section 5K1.1. *United States v. Gangi*, 45 F.3d 28, 30-31 (2d Cir. 1995); *Medjuck*, 222 F.R.D. at 405. Those factors are: (1) the court's evaluation of the significance and usefulness of the defendant's assistance, taking into account the government's evaluation of the assistance rendered; (2) the truthfulness, completeness and reliability of the information or testimony provided; (3) the nature and extent of the defendant's assistance; (4) any injury suffered or any danger or other risk of injury to defendant or his family resulting from the assistance; and (5) the timeliness of the defendant's assistance. *Id.*

---

[1] At the time, the United States Sentencing Commission Guideline Manual was mandatory. Now, of course, it is advisory under the decision in *United States v. Booker*, 125 S. Ct. 738 (U.S. Jan. 12, 2005).

[2] According to the Sentencing Table, the range is 120 to 150 months, but the Court does not read the Motion as seeking a sentence greater than the sentence previously imposed.

Upon consideration of each of these factors, the Court finds each of the factors to be present and to justify a significant reduction of sentence, excepting that Defendant has not suffered an injury or risk because of his assistance. Defendant's cooperation has led to two drug convictions and lengthy sentences in a controlled substance case (Case no. 1:04-CR-30) which was far more significant (in terms of drug quantity) than the present one. Upon reflection of the section 5K1.1 factors and the extent of Defendant's assistance, the Court finds that the Motion should be granted and the Court should depart by four levels. This departure results in a new guideline range of 100 to 125 months. This range is, in light of *Booker*, an advisory guideline range. Defendant himself has requested a sentence within this range. (*See* Letter of Jan. 28, 2005, Dkt. No. 44 at 1.)

After *Booker*, sentencing is now a tripartite process. First, the Court must make an honest calculation of the guideline range given the dictates of the United States Sentencing Commission Guideline Manual. This was previously done as reflected above. Then, the Court must determine whether any departure from the guideline range is due. As stated above, the Court has determined that Defendant is entitled to a four-level departure under Rule 35(b), which departure results in a new guideline range of 100 to 125 months. Finally, the Court must proceed to sentence a criminal defendant under 18 U.S.C. § 3553(a) in light of the advisory guideline range.

Under *Booker*, this Court "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 125 S. Ct. 738, 767 (2005) (Breyer, J.). The Supreme Court held that the factors given in 18 U.S.C. § 3553(a) must be reviewed in determining a reasonable sentence. *Id* at 765-66. Therefore, this Court will determine a reasonable sentence for Defendant based on the statutory considerations outlined in § 3553(a), together with the pertinent Guideline language.

Section 3553 requires the court to impose a sentence that considers the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense. The court must also craft a sentence that affords adequate deterrence to future criminal conduct. Finally, the court should consider the kinds of sentence and the sentencing range established for this particular offense, any pertinent policy considerations, and, in particular, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In this case, Defendant has readily accepted responsibility for his drug offense. He pled guilty in his criminal case and greatly assisted Plaintiff after his sentencing by cooperation against two others defendants involved in a very significant drug conspiracy. The guideline scoring, as originally computed, was also, in the Court's judgment, unduly punitive given that it was based upon the Drug Quantity Table's irrational treatment of cocaine base. *See United States v. Smith*, 359 F. Supp. 2d 771, 777-78 (E.D. Wis. 2005). In light of all of these circumstances, the Court determines a guideline sentence should be imposed for a term of 100 months.

Therefore, an Amended Judgment of Sentence shall issue which grants Plaintiff's Motion to Reduce Sentence and imposes a sentence of 100 months in place of the sentence previously imposed, but otherwise imposes the same terms and conditions previously imposed.

Dated in Kalamazoo, MI:  /s/Richard Alan Enslen
August 10, 2005  Richard Alan Enslen
  United States District Judge