# United States District Court
## Western District of Michigan

UNITED STATES OF AMERICA

      V.

BARTLETT MARSHALL

**AMENDED JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

Case Number: 1:03-CR-274-01

Alan D. Harbaugh
Defendant's Attorney

**Date of Original Judgment:**  March 10, 2004

**Reason for Amendment:** Reduction of Sentence for Changed Circumstances (Fed. R. Crim P. 35(b))

THE DEFENDANT pleaded guilty to Count One.

Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense: | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) 21 U.S.C. § 841(b)(1)(A)(iii) | Distribution of More Than 50 Grams of a Mixture or Substance Containing a Detectable Amount of Cocaine Base | November 4, 2003 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Dated in Kalamazoo, MI:
August 11, 2005

   /s/Richard Alan Enslen
Richard Alan Enslen
United States District Judge

AO 245 B (Rev. 10/97 Sheet 2 - Imprisonment
Judgment--Page 2 of 6
Defendant: BARTLETT MARSHALL
Case Number: 1:03-CR-274-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED (100) MONTHS**.

The court makes the following recommendations to the Bureau of Prisons:

1.    Designate a facility capable of providing the 500 hour intensive substance abuse treatment program.

2.    Designate FCI Milan for service of sentence.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

_____, with a certified copy of this judgment.


_____
United States Marshal

By_____
Deputy United States Marshal

AO 245B (Rev. 10/97 Sheet 3 Supervised Release)

Judgment--Page 3 of 6
Defendant: BARTLETT MARSHALL
Case Number: 1:03-CR-274-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **FIVE (5) YEARS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:* The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests within 60 days.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court and shall also comply with the special conditions of supervision set forth on the attached page(s).

AO 245B (Rev. 10/97 Sheet 3 Cont.) Supervised Release - Standard Conditions of Supervision

Judgment--Page 4 of 6
Defendant: BARTLETT MARSHALL
Case Number: 1:03-CR-274-01

## STANDARD CONDITIONS OF SUPERVISION

1.   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2.   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3.   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4.   the defendant shall support his or her dependents and meet other family responsibilities;
5.   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6.   the defendant shall notify the probation officer at least fifteen days prior to any change in residence or employment;
7.   the defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8.   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9.   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10.   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11.   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12.   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13.   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1.   The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer, and shall pay at least a portion of the cost according to his ability as determined by the probation officer.

2.   The defendant shall refrain from all use of alcoholic beverages.

3.   The defendant shall perform 500 hours of community service as directed by the probation officer.

4.   The defendant shall maintain legitimate full-time employment as approved by the probation officer.

AO 245B (Rev. 10/97 Sheet 5, Part A - Criminal Monetary Penalties
Judgment--Page 5 of 6
Defendant: BARTLETT MARSHALL
Case Number: 1:03-CR-274-01

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS: | $100.00 | $0.00 | $0.00 |

AO 245B (Rev. 10/97 Sheet 6, Part B - Criminal Monetary Penalties

Judgment--Page 6 of 6
Defendant: BARTLETT MARSHALL
Case Number: 1:03-CR-274-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**    The special assessment shall be paid in full immediately.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court, 399 Federal Building, 110 Michigan, NW, Grand Rapids, Michigan 49503, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.